UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW CLARK,<br><br>             Plaintiff,<br><br>      v.<br><br>J. WALTERS,<br><br>             Defendant. | No.  1:23-cv-01305-SAB (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 23) |

Plaintiff is proceeding pro se and in forma pauperis in this civil rights action.

Currently before the Court is Plaintiff's motion for appointment of counsel, filed October 2, 2025.  (ECF No. 23.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require any attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

1

complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The test for exceptional circumstances requires the Court to evaluate the Plaintiff's likelihood of success on the merits and the ability of the Plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983). Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Although the Court has found that Plaintiff states a cognizable retaliation claim against Defendant J. Walters, at this early stage of the proceedings the Court cannot determine the likelihood of success on his claim. The fact an attorney may be better able to perform research, investigate, and represent a plaintiff does not change the analysis. There is little doubt most pro se litigants "find it difficult to articulate [their] claims," and would be better served with the assistance of counsel. Wilborn, 789 F.2d at 1331; Courtney v. Kandel, No. 2:18-CV-2052-KJM-DMC-P, 2020 WL 1432991, at *1 (E.D. Cal. Mar. 24, 2020) (challenges conducting discovery and preparing for trial "are ordinary for prisoners pursuing civil rights claim" and cannot form the basis for appointment of counsel). In addition, despite Plaintiff's contention that he has a legitimate learning disability, there is no indication from the record that Plaintiff is unable to adequately articulate his claims-whether alone or with inmate assistance. Any future inability of another inmate to assist Plaintiff does not amount to exceptional circumstances warranting the appointment of counsel. Accordingly, Plaintiff's motion for appointment of counsel is denied, without prejudice.

IT IS SO ORDERED.

Dated:   **October 7, 2025**

STANLEY A. BOONE
United States Magistrate Judge